**SO ORDERED.**

**SIGNED this 18 day of June, 2010.**

_____
                    Randy D. Doub
          **United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**


**IN RE:**

| | |
|---|---|
| **SUZANNE S. CLIFTON,** | **CHAPTER 11** |
| | **CASE NUMBER:  09-02379-8-RDD** |
| **Debtor** | |


| | |
|---|---|
| **HILDA L. SOLIZ,** | **ADVERSARY PROCEEDING** |
| **Secretary of Labor, United States** | **NUMBER: 10-00002-8-RDD** |
| **Department of Labor,** | |
| **Plaintiff** | |
| **v.** | |
| **SUZANNE S. CLIFTON,** | |
| **Defendant(s)** | |


<u>**ORDER GRANTING MOTION TO DISMISS**</u>

Pending before the Court is the Motion to Dismiss and Memorandum in Support Thereof

filed by Suzanne S. Clifton ("Clifton") on April 15, 2010 (the "Motion") and the Secretary of

Labor's Response to Defendant Clifton's Motion to Dismiss, including the Secretary's Motion for

Consolidation of Complaint with Pending Adversary Proceeding (captioned as adversary proceeding

*Sparkman v. Clifton*, 08-00052-5-RDD) filed by the Secretary of Labor (the "Sec. of Labor") on May 3, 2010 (the "Response"). The Court conducted a hearing on May 12, 2010 in Wilson, North Carolina to consider the Motion and the Response.

This adversary proceeding was commenced by the filing of a complaint on behalf of the Sec. of Labor on January 5, 2010 seeking a determination that its debt was non-dischargeable for fraud or defalcation while Clifton was acting in a fiduciary capacity pursuant to Section 523(a)(4) of the Bankruptcy Code.

Clifton argues that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, based on the Sec. of Labor's failure to timely file the action against Clifton.

In Clifton's chapter 11 bankruptcy proceeding, docketed as bankruptcy case no. 09-02379-8-RDD, the deadline for a party-in-interest or creditor to file a complaint to determine dischargeability of a debt was June 22, 2009.[1]  *See* docket entry no. 3, case no. 09-02379-8-RDD.[2]   The Sec. of Labor neither requested, nor was granted an extension in connection with the June 22, 2009 deadline

---

[1]This date is consistent with the requirements of Fed. R. Bankr. P. 4007(c) in that the complaint to determine dischargeability of a debt under Section 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors. The first date set for the meeting of creditors in this case was April 22, 2009.

[2]The Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines disclosing the deadline for filing complaints objecting to discharge and dischargeability, was served by regular mail on the creditors listed on the mailing matrix filed with the Chapter 11 petition. The Certificate of Notice for the Bankruptcy Noticing System ("BNC") reflects that the notice was mailed to Robert M. Lewis, Jr., Attorney, US Dept. of Labor-Off. of Solicit[or], 61 Forsyth Street, S.W., Rm 7T10, Atlanta, Georgia 30303-8816. *See* docket entry 6, case no. 09-02379-8-RDD, p. 10. The Certificate of Notice also provides that a copy of the notice was sent to Neil I. Fowler at the U.S. Attorney's Office, 310 New Bern Avenue, Suite 800, Raleigh, NC 27601-1461. *Id.* at p. 9.

to file a dischargeability complaint.  On January 5, 2010, 197 days after the deadline passed, the Sec. of Labor filed the complaint.

The Sec. of Labor does not dispute that it failed to timely file the complaint but argues that, given the circumstances of this case, the Court should equitably toll the deadline to file a dischargeability complaint and consolidate this proceeding with adversary proceeding number 08-00052-5-RDD, captioned as *Sparkman v. Clifton*.

The Sec. of Labor asserts that because of the actions of the Trustee,[3] it failed to act as diligently as it otherwise would have to protect its interests. On March 26, 2008, in an effort to resolve several adversary proceedings pending in the Castleton Cases and other matters related to the 401(k) plans, the Trustee filed a Motion Authorizing and Directing Certain Actions in Connection with the Termination of the Castleton 401(K) Plan and the Withdrawal of Participating Employers from the Plan, and Directing the 401(K) Plan to Set Aside Funds for the Payment of Certain Plan Administration Fees (the "401(K) Motion") in the Castleton Cases.  The Motion was served on David B. Ritter, Investigator, U.S. Department of Labor, Employee Benefits Security Administration, 61 Forsyth Street, SW, Atlanta, Georgia 30303.  On May 12, 2008, Katherine Burnette, Assistant United States Attorney for the Eastern District of North Carolina, filed an Objection to the  401(K) Motion on behalf of the Sec. of Labor.[4]

---

[3]  Richard Sparkman was duly appointed as the chapter 7 trustee in the Castleton Group, Inc., case no. 07-02896-5-RDD; Castleton Affiliates, LLC , case no. 07-02894-5-RDD; and Castleton Associates, LLC, case no. 07-02895-5-RDD, cases (the "Castleton Cases") and is referred to herein as the Trustee.

[4] The Objection to the 401(K) Motion was docketed by Ms. Burnette but she did not electronically sign the pleading. Gregory F. Jacob, Solicitor of Labor; Stanley E. Keen, Regional Solicitor; and Robert M. Lewis, Jr., Counsel are listed on the Objection but there are no electronic signature notations and the line for Mr. Lewis' signature is blank.

Subsequently, on May 16, 2008, a Notice of Appearance and Request for Notice was filed in Castleton Group, Inc., case no. 07-02896-5-RDD,[5] by Robert M. Lewis, Jr., Attorney, requesting that notice of all further matters be sent to his attention at the U.S. Department of Labor, Office of the Solicitor, 61 Forsyth Street, S.W., Room 7T10, Atlanta, Georgia 30303 (the "Notice Request").

Two months thereafter, on July 29, 2008, the Trustee filed his Withdrawal of the Motion Authorizing and Directing Certain Actions in Connection with the Termination of the Castleton 401(K) Plan and the Withdrawal of Participating Employers from the Plan, and Directing the 401(K) Plan to Set Aside Funds for the Payment of Certain Plan Administration Fees (the "Withdrawal"). Mr. Lewis and Ms. Burnette received email notifications that the Withdrawal had been docketed, as evidenced on the Notice of Electronic Filing Report.

On March 24, 2009, approximately nine months after the Withdrawal was filed by the Trustee, Clifton filed a petition for relief under Chapter 11 of Title 11 of the United States Code.

After the filing of the Clifton chapter 11 case, the Trustee mediated certain adversary proceedings in the Castleton Cases and issues arising in the Clifton main bankruptcy case. On June 10, 2009, 12 days before the deadline to file a complaint to object to dischargeability, the Trustee filed his Motion to Compromise Adversary Proceedings (the "Compromise Motion"). The Compromise Motion was filed in both the Castleton main case, case no. 07-02896-5-RDD, and each of the underlying adversary proceedings. Based on the certificate of service and matrix filed with the Compromise Motion, service was made on Neil I. Fowler, Assist[ant] U.S. Attorney, Civil Section, 310 New Bern Avenue, Suite 800, Raleigh, NC 27601-1461 and the Office of the Attorney

---

[5]All pleadings referenced herein as being filed in the Castleton Cases were docketed in the Castleton Group, Inc., case no. 07-02896-5-RDD.

4

General, Department of Justice, 10th St. & Constitution Ave., Washington D.C. 20530.  Furthermore, the Notice of Electronic Filing Report shows that electronic notice of the Compromise Motion was sent to Robert Lewis at lewis.robert@dol.gov.  Based on her filing of the Objection to the 401K Motion on behalf of the Sec. of Labor, Katherine Burnette, Assistant United States Attorney for the Eastern District of North Carolina, received notice at USANCE.bankruptcy@usdoj.gov.  The Sec. of Labor failed to object to the Compromise Motion.

The order approving the Compromise Motion was entered on July 28, 2009 in the Castleton main case, case no. 07-02896-5-RDD.  The Notice of the Electronic Filing Report shows that Mr. Lewis and Ms. Burnette also received email notice of the Order.  The Sec. of Labor did not oppose the Order granting the Compromise Motion, yet now requests that this adversary proceeding be consolidated with one of the adversary proceedings in the Castleton Cases, *Sparkman v. Clifton*,[6] captioned as adversary proceeding no. 08-00052-5-RDD, which was, in fact, resolved by the Compromise Motion.  This court is perplexed by the request to intervene in a proceeding that has been resolved by compromise when the Sec. of Labor initially objected to the 401K Motion in the Castleton Cases, but then failed to respond to the Compromise Motion that was filed in those cases. The Sec. of Labor received proper notice of the Compromise Motion and the Order allowing the motion to which it could have responded. The Compromise Motion included specific language resolving the adversary proceeding brought by the Trustee against Clifton.  The Sec. of Labor may

---

[6] The Sec. of Labor would have had knowledge of the Trustee's commencement of the adversary proceeding against Clifton as the Trustee filed a copy of the Complaint in the Castleton Cases. *See* docket entry 182.  Although the Sec. of Labor was not a party to the adversary proceeding, since Mr. Lewis and Ms. Burnette received electronic notice that the complaint had been filed, it could have sought to intervene pursuant to the Federal Rules of Civil Procedure.

not circumvent the deadline to file its dischargeability proceeding by attempting to intervene in a proceeding that has been mediated, settled, noticed to creditors and parties in interest, and had an Order entered approving the compromise.  Moving to intervene after an Order approving the compromise has been entered is not timely.

Furthermore, Clifton filed a Notice of Disputed, Contingent, and Unliquidated Claims - Local Rule 3002-1 on April 23, 2009 alleging that the claims of certain creditors were disputed, contingent, and unliquidated claims on her Schedules.  On page 57 of Schedule F, Clifton listed Robert M. Lewis, Jr., Attorney, US Dept. of Labor-Off. of Solicit[or], 61 Forsyth Street, S.W, Rm 7T10, Atlanta, Georgia 30303 as an unsecured creditor.  This same information is provided in Schedule A of the Notice of the Notice of Disputed, Contingent, and Unliquidated Claims - Local Rule 3002-1 and the accompanying Certificate of Service shows that Mr. Lewis was mailed a copy of the Notice. The Sec. of Labor filed no response.

On September 23, 2009, Clifton filed her Objection to Claims and Notice Thereof (the "Claim Objection").  Included as part of the Claim Objection was the contingent, unliquidated, and disputed claim of Robert M. Lewis, Jr., Attorney, US Dept. of Labor-Off. of Solicit[or], 61 Forsyth Street, S.W, Rm 7T10, Atlanta, Georgia 30303.  The Claim Objection was served on Robert M. Lewis, Jr., Attorney, US Dept. of Labor-Off. of Solicit[or], 61 Forsyth Street, S.W, Rm 7T10, Atlanta, Georgia 30303; the United States Department of Labor, Attn: Managing Agent, 200 Constitution Avenue NW, Washington D.C. 20210-0000; the Office of the Attorney General - Department of Justice, Attn: Managing Agent, 10th Street & Constitution Avenue, Washington D.C. 20530; the U.S. Attorney's Office, Attn: Neil I. Fowler, 310 New Bern Avenue, Suite 800, Raleigh, North Carolina 27601-1461; and the United States Attorney, Attn: Managing Agent, Suite 800,

Federal Building, 310 New Bern Avenue, Raleigh, North Carolina 27601-1461.  The Sec. of Labor

failed to respond to the Claim Objection or file a proof of claim in the Clifton case.  Because no

response was filed, an Order Allowing Objections to Claims and denying the claim of the Sec. of

Labor was entered on November 3, 2009.  The Sec. of Labor failed to file a motion to reconsider or

appeal that order.  Instead, approximately two months later, the Sec. of Labor filed this

dischargeability complaint, 197 days after the expiration of the dischargeability deadline seeking

to have the claim of the U.S. Department of Labor, which claim had by order of this Court been

disallowed on November 3, 2009, declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

The Court would be remiss if it failed to review the involvement of the Sec. of Labor in the

Castleton Cases.  It was involved in the initial stages of these cases, yet failed to participate in the

proceedings during 2009, even though it continued to receive timely electronic or written notice of

the filings.  The Sec. of Labor proffered that it believed its interest was being protected by the

Trustee.  However, the Trustee withdrew the 401(K) Motion and filed his Compromise Motion

putting the Sec. of Labor on notice of the proposed settlement before the deadline passed to file a

dischargeability action. At that time, the Sec. of Labor had the opportunity to object to the proposed

settlement. No response or objection on behalf of the Sec. of Labor was filed.

Furthermore, even if the Sec. of Labor believed that the Trustee was protecting its rights, as

well as, the rights of other parties in interest, the Sec. of Labor had an opportunity to extend the

dischargeability deadline to more fully consider the proposed settlement. No extension was

requested.

In support of its argument that the dischargeability deadline was tolled in the Clifton case

by the actions of the Trustee in the Castleton Cases, the Sec. of Labor asserts that courts have

7

allowed for this time to be tolled and cases to proceed even if filed after the bar date has passed. Citing *In re Ghanei,* 2004 Bankr. LEXIS 2369 (Bankr. E.D.Va. 2004), it argues that "[a]s the Supreme Court noted in *Young*, the application of equitable tolling in bankruptcy proceedings is particularly appropriate since bankruptcy courts are courts of equity and apply the principles and rules of equity jurisprudence." 2004 LEXIS 2369 *6-7 (*citing* Young v. United States, 535 U.S. 43, 49 (2002)). The Sec. of Labor further asserts that tolling can be applied in cases where the claimant has actively pursued his judicial remedies, in circumstances where a party was induced to allow a deadline to pass by the misconduct of an adversary, and in cases where circumstances were such that the party was disabled from bringing suit or the need for the filing of the discharge complaint was concealed. *See* Response, docket entry no. 14, p. 8-9 (citing *In re Ghanei*, 2004 Lexis 2369).

However, equitable tolling typically only applies in rare or exceptional circumstances and often in situations where the plaintiff may have been mislead or prevented by a defendant to assert its rights. *Don L. Owen, Inc. v. Miller (In re Owen)*, 2006 U.S. Dist. LEXIS 13559 (N.D. Tx. March 26, 2006). The plaintiff has the burden of establishing that such circumstances exist and a court should consider the facts of each case on a case-by-case basis to determine whether such circumstances exist. *Id.*

Based on the facts and the docket entries in this case, the Court finds neither a rare nor exceptional circumstance exists that would warrant it equitably tolling the dischargeability deadline.[7] The Sec. of Labor ignored the notice setting the deadline for filing a dischargeability complaint and

---

[7]This Court need not reach a determination as to whether or not Fed. R. Bankr. P. 4007(c) is subject to equitable tolling as the Sec. of Labor fails to establish that the circumstances in this case would warrant equitable tolling. *Miller v. Owen,* 2006 U.S. Dist. LEXIS 13559 (N.D. Tx. March 26, 2006).

the Notice of Disputed Claim. In addition, the Sec. of Labor disregarded the objection to its claim, which was filed after the Compromise Motion was granted, and the subsequent order allowing the claim objection.  Only after it realized that it had missed the deadline to file a complaint objecting to the dischargeability of the debt and failed to respond to certain pleadings does the Sec. of Labor now attempt to place the blame on the Trustee and claim that it believed he was protecting its' interest.  The Sec. of Labor cannot blame the Trustee for the fact that it failed to respond the Motion to Compromise filed by the Trustee.  The Compromise Motion of the Trustee was filed and served 12 days before the dischargeability deadline in the Clifton case and was granted almost two months before the objection to claim and almost five months before the complaint was filed by the Sec. of Labor.  The Sec. of Labor, in 2008, took the opposition position and, initially, objected to the Trustee acting in connection with the 401K plan participants.  As such, it is clear to the Court that the lack of responsiveness and disregard of the pleadings filed in the Castleton Cases and the disregard of the dischargeability deadline do not support the Sec. of Labor's request to equitably toll the deadline for filing a complaint objecting to the dischargeability of its debt.  The Sec. of Labor made little effort to protect its claim. The failure to timely file a complaint before the expiration of the dischargeability deadline cannot be blamed on the actions of the Trustee, whose responsibility it is to act in the interest of all creditors.  Based on the facts presented, the Sec. of Labor has failed to meet its burden that rare and exceptional circumstances exist to toll the dischargeability deadline.

The United States Supreme Court has recognized the importance of deadlines in a bankruptcy proceeding. *Taylor v. Freeland & Kranz*, 503 U.S. 638, 644 (1992)("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality"). The Supreme Court held there is no authority to create an exception to the thirty day period set by the Bankruptcy

Rules in which a trustee has to object to a debtor's claim of exemptions.  The facts of this case are analogous with respect to the extension of deadlines and, based on *Taylor*, this Court does not have the authority to extend  the dischargeability deadline to allow an untimely filed complaint to survive.

Further, although deadlines may be extended from time to time, in many circumstances, the extension must be requested before the expiration of the initial deadline. *Colliers* provides that this rule applies to complaints to determine dischargeability of debts. 4 *Collier on Bankruptcy* § 523.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.*).*

Therefore, since the Sec. of Labor failed to timely request to extend the deadline to file a dischargeability complaint and failed to timely file its complaint against Clifton, the complaint is **DISMISSED** with prejudice and the Clerk is hereby directed to enter a judgment dismissing the adversary proceeding with prejudice.

**SO ORDERED.**

**END OF DOCUMENT**